UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:05-cv-41 |
| | ) | *Edgar* |
| CHUCK WILSON, individually and d/b/a CHUCK'S CABINET DOORS, a Partnership, | ) | |
| *Defendants.* | ) | |

**MEMORANDUM**

Plaintiffs Educational Credit Management Corporation ("ECMC") filed this action against Chuck Wilson and Chuck's Cabinet Doors (the "Defendants"), seeking to garnish a portion of Nikki Yarbrough's ("Yarbrough") wages as repayment for her student loan pursuant to 20 U.S.C. § 1095a. ECMC moves for summary judgment. [Doc. No. 6]. The Defendants have not responded to the motion. However, as the time for a response has elapsed, ECMC's motion is ripe for review.

## I. Standard of Review

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 566 (6th Cir. 2003). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Shah*, 338 F.3d at 566; *Nat'l Satellite Sports, Inc. v. Eliadis*

*Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, determine the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *Shah*, 338 F.3d at 566; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Evidence suggesting a mere possibility" of a factual dispute is not enough to preclude summary judgment. *Shah*, 338 F.3d at 566; *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986).

The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *Nat'l Satellite Sports*, 253 F.3d at 907. While the Court draws all reasonable factual inferences in the light most favorable to the non-moving party, it may grant summary judgment if the record taken as a whole could not lead a rational, objective jury to find for the non-moving party. *Matsushita*, 475 U.S. at 587; *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 557 (6th Cir. 2003).

## II. Background

ECMC is a guaranty agency under the Higher Education Act of 1965 and the Federal Family Education Loan Program. A guaranty agency guarantees a student loan made by a private lender. When a student defaults on a student loan, the guaranty agency pays the outstanding loan balance to the private lender and takes title to the loan. ECMC guaranteed a student loan issued to Nikki

Yarbrough. Yarbrough defaulted on her loan. ECMC paid the balance and took title to the loan. In an effort to collect from Yarbrough ECMC sent Yarbrough a notice of intent to garnish a portion of Yarbrough's wages on May 7, 2004. ECMC's letter informed Yarbrough of her right to inspect her debt, enter a written repayment agreement, or have a hearing on the matter. [Doc. No. 1, Ex. A]. Yarbrough failed to respond to this notice.

On July 13, 2004, ECMC issued a garnishment order to the Defendants, Yarbrough's employer, ordering the Defendants to withhold a portion of Yarbrough's wages to pay her student loan. [Doc. No. 1, Ex. B]. The Defendants' failed to comply with the garnishment order. Therefore, ECMC issued three more orders in the following four months. [Doc. No. 1, Exs. B, C]. The Defendants continued to refuse ECMC's garnishment orders. Finally, on January 7, 2005, ECMC sent the Defendants a demand letter, threatening litigation if the Defendants again refused to comply with the garnishment orders. [Doc. No. 1, Ex. D]. Still, the Defendants failed to garnish Yarbrough's wages, as ordered in ECMC's letters. ECMC filed this action on February 16, 2005. [Doc. No. 1].

## III. Analysis

ECMC seeks to hold the Defendants liable for any and all amounts they failed to withhold after receiving ECMC's wage garnishment order, attorneys' fees, costs, and punitive damages pursuant to 20 U.S.C. § 1095a. ECMC also seeks a mandatory injunction requiring the Defendants to garnish a portion of Yarbrough's future wages.

Under the wage garnishment provision, a guaranty agency, such as ECMC, may garnish a portion of a borrower's wages if the borrower is not making the required payments. 20 U.S.C. § 1095a. Before garnishing a borrower's wages, however, the guaranty agency must notify the

borrower of its intentions at least 30 days beforehand. *Id.* § 1095a(a)(2). The guaranty agency must offer the borrower an opportunity to inspect records relating to the debt, *id.* § 1095a(a)(3), to enter a written agreement with the guaranty agency, *id.* § 1095a(a)(4), or for a hearing on the matter, *id.* § 1095a(a)(5). If the borrower fails to respond to the notice, the guaranty agency may institute garnishment proceedings. Upon receiving a garnishment order from a guaranty agency, "the employer shall pay to the . . . guaranty agency as directed in the withholding order." *Id.* § 1095a(a)(6).

In this case, ECMC complied with the procedural requirements of § 1095a(a). ECMC mailed a notice to Yarbrough on May 7, 2004, informing Yarbrough of her rights. [Doc. No. 1, Ex. A]. Yarbrough failed to respond to this notice, so ECMC issued a garnishment order to the Defendants, Yarbrough's employer, on July 13, 2004. [Doc. No. 1, Ex. B]. Due to the Defendants' failure to comply with the garnishment order, ECMC issued three more orders in the following four months. [Doc. No. 1, Exs. B, C]. Pursuant to 20 U.S.C. § 1095a(a)(6) the Defendants were required to pay ECMC as directed in the garnishment orders. The Defendants failed to do so and, consequently, are liable to ECMC for that amount which the Defendants should have garnished after receving ECMC's letters. *See* 20 U.S.C. § 1095a(a)(6).

Though the Defendants do not respond to ECMC's summary judgment motion, their answer alleges essentially two defenses to this action. Neither of which, however, are sufficient to overcome ECMC's motion for summary judgment. The Defendants first contend they should not be compelled to garnish Yarbrough's wages, because Yarbrough does not owe the loans. The Defendants argue, in Yarbrough's stead, that Yarbrough's students loans should have been discharged when her institution, Draughon's School of Business, declared bankruptcy and closed

its doors mid-semester, preventing Yarbrough from completing her education. Or if not, Yarbrough's student loans were certainly discharged when Yarbrough declared bankruptcy in 1997.

Whether Yarbrough's student loans were discharged in a bankruptcy proceeding is not an issue these Defendants can properly raise in this action. The statutory provision permitting a guaranty agency to garnish a borrower's wages does not entitle the borrower's employer to contest whether the borrower actually owes the loans. *See* 20 U.S.C. § 1095a(a)(6). In fact, the text of the wage garnishment provision offers a borrower's employer no defenses to a wage garnishment order, providing that a borrower's "employer shall pay" "the guaranty agency as directed in the withholding order." 20 U.S.C. § 1095a(a)(6). Consequently, the Defendants are prohibited from asserting that Yarbrough, the borrower, does not owe the loan.

To be clear, the wage garnishment provision enables the borrower, not the borrower's employer, to contest the loan. 20 U.S.C. §§ 1095a(a)(5) and 1095a(b). Indeed, these provisions require that the guaranty agency offer the borrower a hearing to contest a loan before issuing a wage garnishment order. *Id.* As noted above, ECMC complied with this requirement. [*See* Doc. No. 1, Ex. A]. Yarbrough did not respond to the notice and did not request a hearing regarding her loan. The Defendants cannot now argue, in Yarbrough's place, that Yarbrough does not owe the debt.

The Defendants also contend, essentially, that they refused to garnish Yarbrough's wages, as ordered by ECMC's letters, because they believed the garnishment orders to be false or fabricated. After receiving the garnishment orders from ECMC, the Defendants contacted the Tennessee Department of Labor ("TDOL") to verify the orders' authenticity. According to the Defendants, TDOL advised that ECMC's garnishment letters did not comply with Tennessee law because they were not orders entered by a Court. Armed with this information, the Defendants

allegedly contacted ECMC, seeking an authentic and official wage garnishment order that complied with Tennessee law to which ECMC replied that it need not comply with Tennessee law. Given these communications, the Defendants believed ECMC's garnishment letters to be fabricated, and, therefore, the Defendants refused to withhold Yarbrough's wages.

Contrary to the Defendants' contention, ECMC's garnishment letters were authentic. Both the statutory provision and the federal regulation authorize a guaranty agency to administratively garnish a borrower's wages. 20 U.S.C. § 1095a(c); 34 C.F.R. § 682.410(b)(9)(i)(I) Indeed, the statute provides as follows: "The notice to the employer of the withholding order shall contain only such information as may be necessary for the employer to comply with the order." 20 U.S.C. § 1095a(c); *accord* 34 C.F.R. § 682.410(b)(9)(i)(I). ECMC's garnishment letters contained sufficient information, including the borrower's name, address, and social security number; the amount of the debt; ECMC's federal tax identification number; and the federal statute authorizing the garnishment order. [*See* Doc. No. 1, Exs. B, C]. ECMC's garnishment letters complied with the requirements of the garnishment provision and the federal regulations and were authentic.

Contrary to the Defendants' contention, a guaranty agency seeking to garnish an employee's wages pursuant to 20 U.S.C. § 1095a need not comply with state laws governing garnishment orders. Indeed, § 1095a permits a guaranty agency to administratively garnish wages "[n]otwithstanding any provision of State law." 20 U.S.C. § 1095a(a). By these terms, the statute expressly preempts any state law governing garnishments. *Savage v. Scales*, 310 F.Supp.2d 122, 133-34(D. D.C. 2004); *Nelson v. Diversified Collection Servs., Inc.*, 961 F.Supp. 863, 872 (D. Md. 1997); *Clear v. Missouri Coordinating Bd. for Higher Education*, 23 S.W.3d 896, 900 (Mo. Ct. App. 2000). Accordingly, ECMC did not have to comply with Tennessee state law and obtain a court order to garnish

Yarbrough's wages. Consequently, despite their understanding of Tennessee law, the Defendants were still required to garnish Yarbrough's wages, as ordered in ECMC's garnishment letters.

Because the Defendants' confusion does not absolve them of liability does not mean that their confusion was not legitimate. Indeed, given the nature of the letter—a wage garnishment order—it certainly seems reasonable for an employer to expect a document more official than a letter from a guaranty agency before garnishing an employee's wages. And after the Defendants informed ECMC that they wanted an official garnishment order entered by a court, similar to the one required under Tennessee law, it seems to the Court that ECMC could have averted this litigation altogether. Indeed, in their answer, the Defendants indicate that they "do[] not have a problem in withholding [Yarbrough's wages] for a true and legal garnishment." [Doc. No. 5 at ¶ 14]. For minimal time and expense, ECMC could have obtained a court order, placating the Defendants' fears. Nonetheless, the parties find themselves embroiled in this lawsuit, and the Defendants' contention that the wage garnishment orders were not official does not absolve them of liability. ECMC's motion for summary judgment will be **GRANTED**.

Though the Court will grant ECMC's motion for summary judgment, the Court cannot now determine the amount of the Defendants' liability. In short, there is no evidence in the record concerning the amount of ECMC's damages. Further, the Court cannot now determine the amount, if any, of the attorneys' fees, costs, and punitive damages to which ECMC is entitled. There are insufficient facts on the record to determine if these costs and damages are appropriate in the instant case. And, if so, there is no evidence in the record concerning the appropriate amount. Accordingly, this case will be **REFERRED** to United States Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b) to hold an evidentiary hearing to determine the amount of

monetary damages and the amount, if any, of the attorneys' fees, costs, and punitive damages, to which ECMC is entitled.

A separate order will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE