UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

EDUCATIONAL CREDIT MANAGEMENT )
CORPORATION, )
 )
    *Plaintiff*, )
 )
v. ) No. 1:05-cv-41
 ) *Edgar*
CHUCK WILSON, individually and d/b/a )
CHUCK'S CABINET DOOR, a Partnership )
 )
    *Defendants*. )

**MEMORANDUM AND ORDER**

**I.    Introduction**

Plaintiff Educational Credit Management Corporation ("ECMC") is a loan guaranty agency under the Higher Education Act of 1965 and the Federal Family Education Loan Program, 20 U.S.C. §§ 1071, *et seq*. This case concerns efforts by ECMC to collect a defaulted guaranteed student loan by garnishing the wages of the defaulting borrower, Nikki Yarbrough ("Yarbrough"), who was employed by the defendants.[1] ECMC issued notices and administrative garnishment orders to the defendants. When the defendants did not garnish Yarbrough's wages, ECMC brought this suit pursuant to 20 U.S.C. § 1095a(a)(6) for injunctive relief and to recover compensatory and punitive damages, attorney's fees, and costs.

---

[1] When she obtained the student loan in June 1990, the borrower's maiden name was Nikki Dawn Eicher. She later married and her name is now Nikki Yarbrough. To facilitate a discussion of the facts and avoid confusion, the Court will refer to Nikki Dawn Eicher Yarbrough as "Yarbrough."

1

On April 13, 2005, ECMC made a motion for summary judgment under Fed. R. Civ. P. 56. [Doc. No. 6]. Defendants did not timely respond. Defendants say the reason they did not respond is because they did not receive a copy of the summary judgment motion by mail from ECMC. In any event, the Court considered the defenses and arguments raised by the defendants in their answer. On May 27, 2005, the Court granted partial summary judgment in favor of ECMC solely on the issue of liability. [Doc. Nos. 8, 9]. *Educational Credit Management Corp. v. Wilson*, 2005 WL 1263027 (E.D. Tenn. May 27, 2005). The Court referred this case to Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct an evidentiary hearing to determine the amount of compensatory damages, attorney's fees, and costs that ECMC is entitled to recover from the defendants under 20 U.S.C. § 1095a(a)(6).

On July 26, 2005, defendants filed an "appeal" [Doc. No. 12] which the Court liberally construes and treats as a motion for reconsideration of the May 27, 2005 decision granting partial summary judgment to ECMC on liability. On August 2, 2005, defendants filed a related motion to dismiss the complaint. [Doc. No. 14]. Defendants contend that garnishment of Yarbrough's wages is improper and unnecessary because Yarbrough does not presently owe any money to ECMC on the student loan. More specifically, defendants allege that a portion of the student loan debt owed to ECMC has previously been discharged in Yarbrough's bankruptcy proceeding, and Yarbrough has completely paid ECMC the remaining balance of the loan that was not discharged in bankruptcy. This latter allegation that Yarbrough had previously paid off and satisfied the loan was new.

In the interest of justice, the Court is open to reconsideration of the partial summary judgment on liability. To get to the bottom of this case and clarify the facts, the Court deemed it necessary to hold an evidentiary hearing. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was

referred to Magistrate Judge Lee to conduct an evidentiary hearing, and to submit a report and recommendation on the defendants' motion for reconsideration and the issues of liability, damages, and attorney's fees. [Doc. No. 16].

## II.    Magistrate Judge's Report and Recommendation

On August 31, 2005, the Magistrate Judge held an evidentiary hearing. On September 21, 2005, the Magistrate Judge submitted her report and recommendation. [Doc. No. 24]. The Magistrate Judge recommends that the defendants' motion for reconsideration [Doc. No. 12] and the defendants' motion to dismiss the complaint [Doc. No. 14] be denied.

The Magistrate Judge finds that the defendants have not met their burden of proving that the student loan debt was discharged in Yarbrough's bankruptcy proceeding. The Magistrate Judge finds that the defendants' contentions that they should not be held liable under 20 U.S.C. § 1095a(a)(6) on the theory that Yarbrough's student loan debt has either been discharged in bankruptcy and/or paid in full to ECMC by Yarbrough are not supported by the evidence and are without merit. It is further recommended by the Magistrate Judge that ECMC be awarded $932.58 in compensatory damages, $599.92 in costs, and $4,000 in attorney's fees.

In the report and recommendation, the Magistrate Judge gives notice to the parties that any objections must be filed within ten days of service as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). ECMC timely filed objections on two specific points. [Court Doc. No. 25]. ECMC objects on the ground that the Magistrate Judge does not recommend an award of all the attorney's fees that ECMC claims it has incurred. ECMC contends it has incurred a total of $6,640 in attorney's fees up to and including the date of the evidentiary hearing held by the Magistrate Judge

3

on August 31, 2005. ECMC argues it is entitled under 20 U.S.C. § 1095a(a)(6) to recover the entire $6,640 in attorney's fees. ECMC also wants the Court to clarify that the defendants lack standing to dispute and litigate Yarbrough's liability for the defaulted student loan.

Defendants did not timely file an objection to the report and recommendation. The Court concludes that the defendants waived objections to the findings of fact and conclusions of law in the Magistrate Judge's report and recommendation. Instead of objecting to the report and recommendation, defendants seek to supplement the record with new, additional facts and documents showing that Yarbrough's student loan obligation was ultimately discharged by ECMC on October 17, 2005. ECMC discharged Yarbrough's defaulted student loan after the Magistrate Judge submitted the report and recommendation.

After reviewing the entire record *de novo*, the Court **ACCEPTS AND ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), with one exception. For the reasons explained *infra*, the Court concludes that ECMC is not entitled to recover compensatory damages from the defendants under 20 U.S.C. § 1095a(a)(6). This is because after the Magistrate Judge's report and recommendation, ECMC discharged Yarbrough's student loan obligation.

To the extent that ECMC objects to the report and recommendation concerning the amount of the attorney's fees it may recover from the defendants, the objection of ECMC [Doc. No. 25] is **DENIED**. A final judgment will be entered in favor of ECMC against the defendants pursuant to 20 U.S.C. § 1095a(a)(6) awarding costs to ECMC in the amount of $599.92, plus reasonable attorney's fees to ECMC in the amount of $4,000.

The defendants' motion for reconsideration [Doc. No. 12] and the defendants' motion to

4

dismiss ECMC's complaint [Doc. No. 14] are **DENIED**.

III. **Motions Filed by Defendants After Report and Recommendation**

After the Magistrate Judge's report and recommendation [Doc. No. 24], defendants made a motion on October 18, 2005, captioned "MOTION TO INCLUDE ADDITIONAL INFORMATION AND MOTION FOR DISMISSAL." [Doc. No. 26]. On October 23, 2005 defendants filed a similar motion captioned "MOTION TO INCLUDE OFFICIAL NOTIFICATION OF STUDENT LOAN DISCHARGE BY ECMC AND MOTION FOR DISMISSAL." [Doc. No. 27]. The gist of these two motions is that the defendants move: (1) for leave to supplement the record with new, additional facts and documents not presented at the evidentiary hearing before the Magistrate Judge; (2) to dismiss ECMC's entire complaint; and (3) for an award to the defendants of compensatory and punitive damages against ECMC.

It is not necessary to refer this case to the Magistrate Judge for another evidentiary hearing on the new factual allegations contained in the defendants' most recent motions. The material facts are not in dispute.

Defendants want to supplement the record and have the Court consider the following additional facts. In early October 2005, Yarbrough and/or the defendants contacted ECMC to obtain the necessary form for Yarbrough to apply for a discharge of her student loan due to the mid-semester closure of the school attended by Yarbrough, the Draughon Training Institute in Texas. On October 13, 2005, Yarbrough executed and mailed to ECMC an application to discharge the loan. On October 17, 2005, ECMC wrote a reply letter notifying Yarbrough that her application to discharge the student loan obligation is granted. ECMC discharged Yarbrough's student loan on

5

October 17, 2005, pursuant to 20 U.S.C. § 1087dd(g) and 34 C.F.R. § 685.214 due to closure of the Draughon Training Institute.

ECMC does not dispute these facts. ECMC claims it nevertheless is entitled under 20 U.S.C. § 1095a(a)(6) to recover the attorney's fees and costs that ECMC incurred in this litigation. The Court finds that Yarbrough obtained this belated discharge of her defaulted student loan only after ECMC lawfully took action to garnish her wages, after ECMC went to the trouble and expense of bringing the instant lawsuit, and after the Magistrate Judge's report and recommendation. Prior to discharge of the loan on October 17, 2005, Yarbrough's federally guaranteed student loan was in default status and subject to collection by ECMC.

The defendants' motions [Doc. Nos. 26, 27] are **GRANTED IN PART and DENIED IN PART** as follows. To the limited extent that the defendants move for leave of Court to supplement the record with these new, additional facts and documents after the Magistrate Judge's report and recommendation, the defendants' motions are **GRANTED**. However, to the extent that defendants move to dismiss plaintiff ECMC's entire complaint, and further move the Court to award defendants compensatory and punitive damages against ECMC, the defendants' motions are **DENIED**.

### IV.     Plaintiff ECMC Not Entitled to Recover Compensatory Damages

In the wake of the development of these new facts concerning the October 17, 2005, discharge of Yarbrough's student loan by ECMC, the Court concludes that ECMC is not entitled under 20 U.S.C. § 1095a(a)(6) to recover compensatory damages based on the amount of money that the defendants should have, but failed to, withhold and garnish from Yarbrough's wages. Because Yarbrough's student loan obligation was discharged by ECMC on October 17, 2005, pursuant to 20

U.S.C. § 1087dd(g) and 34 C.F.R. § 685.214, ECMC can no longer garnish Yarbrough's wages.

At this juncture, ECMC cannot prove that the defendants' failure to garnish Yarbrough's wages has caused ECMC to suffer damages. Assuming *arguendo* that the defendants had timely garnished Yarbrough's wages in response to the notices and administrative garnishment orders issued by ECMC, ECMC would be required by law to reimburse all such garnished wages to Yarbrough. 34 C.F.R. § 685.214(b)(1) provides that discharge of the debt relieves borrower Yarbrough of any past or present obligation to repay the student loan and any accrued charges or collection costs with respect to the loan. 34 C.F.R. § 685.214(b)(2) provides that discharge of the loan "qualifies the borrower for reimbursement of amounts paid voluntarily or through enforced collection on the loan." The Court construes the phrase "enforced collection on the loan" in 34 C.F.R. § 685.214(b)(2) to mean and include the garnishment of borrower Yarbrough's wages.

Accordingly, the claim by ECMC under 20 U.S.C. § 1095a(a)(6) to recover compensatory damages from the defendants will be **DENIED and DISMISSED WITH PREJUDICE**.

The Court hastens to add that up until October 17, 2005, when the student loan was discharged based on Yarbrough's application for discharge, ECMC had the legal right to garnish Yarbrough's wages and to maintain this suit against the defendants under 20 U.S.C. § 1095a(a)(6) to recover compensatory damages based on the amount of money that the defendants failed to garnish from Yarbrough's wages. But for the discharge of Yarbrough's student loan on October 17, 2005, pursuant to 20 U.S.C. § 1087dd(g) and 34 C.F.R. § 685.214, ECMC had the right to pursue and litigate its complaint against the defendants pursuant to 20 U.S.C. § 1095a(a)(6) to recover compensatory damages. This point is significant because it supports ECMC's claim for reasonable attorney's fees and costs.

7

## V. Claims by Plaintiff ECMC for Punitive Damages and Injunctive Relief

In its complaint, ECMC demands punitive damages. During the evidentiary hearing held by the Magistrate Judge, counsel for ECMC stated that ECMC is not seeking punitive damages. [Doc. No. 24, p. 4, Report and Recommendation]. The Court deems ECMC to have abandoned and waived its claim for punitive damages. Accordingly, the claim by ECMC against the defendants for punitive damages will be **DENIED and DISMISSED WITH PREJUDICE**.

The complaint of ECMC further demands injunctive relief to require the defendants to comply with future administrative garnishment orders issued by ECMC to garnish Yarbrough's wages until either Yarbrough's student loan obligation is paid in full or Yarbrough's employment with the defendants terminates, whichever event occurs first. The demand by ECMC for injunctive relief is now moot because Yarbrough's employment with the defendants terminated on July 30, 2005, and ECMC discharged Yarbrough's defaulted student loan on October 17, 2005. Accordingly, the claim by ECMC for injunctive relief will be **DENIED and DISMISSED WITH PREJUDICE**.

## VI. Plaintiff ECMC Entitled to Recover Reasonable Attorney's Fees and Costs

In its complaint [Doc. No. 1, p. 5], ECMC demands that it be awarded "reasonable attorney's fees" and costs. The Court concludes that ECMC is entitled under 20 U.S.C. § 1095a(a)(6) to recover its reasonable attorney's fees and costs incurred in maintaining this suit against the defendants. The record shows that ECMC has acted in accordance with federal law to administratively garnish Yarbrough's wages to collect the defaulted student loan and to bring the instant suit against the defendants pursuant to 20 U.S.C. § 1095a(a)(6).

The Court agrees with and adopts the Magistrate Judge's report and recommendation that ECMC shall recover from the defendants costs in the amount of $599.92, plus reasonable attorney's fees in the amount of $4,000. Based on the facts and circumstances in this case, the Court finds that $4,000 is a fair and reasonable amount of attorney's fees to be awarded to ECMC.

The Court takes this opportunity to amplify and supplement the report and recommendation on the issue of attorney's fees. The record shows that ECMC had the right to pursue its efforts to collect the defaulted student loan. In June 1990, Yarbrough obtained a federally guaranteed student loan (Stafford Loan) in the amount of $2,103 at a bank in Texas. The purpose of the loan was to pay tuition and expenses for Yarbrough to attend the Draughon Training Institute, a business college in Wichita Falls, Texas. The term of the loan was from June 4, 1990, to October 18, 1990. The Draughon Training Institute abruptly closed mid-semester in August 1990 and ceased to provide educational instruction. The school's closure prevented Yarbrough from completing her program of study for which the student loan was made.

As a result of the school closure, Yarbrough became eligible to apply for a discharge of her loan pursuant to 20 U.S.C. § 1087dd(g) and 34 C.F.R. § 685.214. 20 U.S.C. § 1087dd(g) was enacted on October 7, 1998. Pub. L. 105-244, 112 Stat. 1581, 1726 (1998). Section 1087dd(g)(1) provides that if a student who receives a federal guaranteed student loan is unable to complete the educational program in which the student is enrolled due to closure of the school, the Secretary of the United States Department of Education ("DOE") shall discharge the borrower's liability on the loan.

In conjunction with 20 U.S.C. § 1087dd(g), DOE has promulgated and adopted 34 C.F.R. § 685.214 which provides the federal administrative regulations and procedures governing discharge

of guaranteed student loans due to the closure of schools. Discharge of a student loan due to school closure is not automatic. To qualify for discharge of the student loan, 34 C.F.R. § 685.214(c) requires borrower Yarbrough to file a written application requesting discharge in the form of a sworn statement made under penalty of perjury (see 28 U.S.C. § 1746) setting forth certain essential facts and details. Until such time as borrower Yarbrough applied for and obtained a formal discharge, the student loan remained in default status and was subject to collection.

For whatever reason, Yarbrough delayed making an application to DOE or the loan guaranty agency for discharge of the student loan due to closure of the school and her loan remained in default status until October 2005. The key point is that DOE and ECMC could not discharge, and were under no legal obligation to discharge, Yarbrough's defaulted student loan until such time as Yarbrough complied with 34 C.F.R. § 685.214(c) and filed the required application for discharge.

In early 1999, Yarbrough filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Tennessee. A Bankruptcy Trustee was appointed and Yarbrough executed a Chapter 13 plan to repay her creditors. One of Yarbrough's outstanding debts was the defaulted student loan. In or about April 1999, DOE assigned Yarbrough's defaulted student loan to ECMC for collection. DOE mailed a notice to Yarbrough on April 18, 1999, stating that her loan had been assigned to ECMC and requesting Yarbrough to notify the Bankruptcy Trustee of the assignment. ECMC filed a creditor's claim in the Chapter 13 bankruptcy proceeding in the amount of $1,882.04. On July 30, 1999, the Bankruptcy Trustee submitted a list of Yarbrough's creditors and the list showed that ECMC was a creditor with a claim against Yarbrough for $1,882.04.

As the Magistrate Judge correctly explains in the report and recommendation [Doc. No. 24, pp. 12-15], it appears that Yarbrough's Chapter 13 bankruptcy was converted to a Chapter 7

bankruptcy proceeding. Federally guaranteed student loans are rarely discharged in bankruptcy. *See e.g., In re Ruehle*, 412 F.3d 679, 682 (6th Cir. 2005). There is no proof in the record of this case showing that the student loan debt owed by Yarbrough to assignee ECMC was ever discharged by the Bankruptcy Court pursuant to the undue hardship provision in 11 U.S.C. § 523(a)(8).

After Yarbrough's bankruptcy proceeding ended in 2002, ECMC lawfully undertook efforts to collect the defaulted student loan by garnishing Yarbrough's wages in accordance with 20 U.S.C. § 1095a and 34 C.F.R. 682.410(6)-(9). During the period of time from the summer of 2004 through July 30, 2005, Yarbrough was employed by the defendants.

Prior to discharge of the loan by ECMC on October 17, 2005, Yarbrough's student loan was in default, and ECMC had the right to take legal action to collect the defaulted loan including garnishment of Yarbrough's wages. ECMC was required by 34 C.F.R. § 682.410(b)(6) to take action and make a reasonable effort to collect Yarbrough's defaulted student loan until such time as the loan is satisfied in full or otherwise discharged. 34 C.F.R. § 682.410(b)(6)(iii) provides that a guaranty agency (ECMC) must initiate administrative wage garnishment proceedings against all eligible borrowers by following the procedures described in 34 C.F.R. § 682.410(b)(9). If Yarbrough wanted to halt ECMC's debt collection efforts and avoid garnishment of her wages, it was Yarbrough's responsibility to apply to discharge the loan pursuant to 20 U.S.C. § 1087dd(g) and 34 C.F.R. § 685.214.

Furthermore, ECMC was required by law to bring this suit against the defendants under 20 U.S.C. § 1095a(a)(6) to enforce the administrative garnishment orders and to make all reasonable efforts to collect Yarbrough's defaulted student loan. 34 C.F.R. § 682.410(b)(9)(F) provides that the guaranty agency (ECMC) shall sue any employer for any amount that the employer, after receipt

11

of the garnishment notice, fails to withhold from wages owed and payable to an employee (Yarbrough) under the employer's normal pay and disbursement cycle.

An award of $4,000 in attorney's fees to ECMC is reasonable and appropriate in this case in large part because the defendants unnecessarily prolonged and complicated this entire matter by continuously opposing ECMC's efforts to garnish Yarbrough's wages despite the fact that the defendants had no valid legal defense under 20 U.S.C. § 1095a(a)(6). *Educational Credit Management*, 312 F. Supp.2d at 1186 (Employer is required by statute to garnish the employee's wages. The only defense available under 20 U.S.C. § 1095a(a)(6) is for the debtor/employee, whose wages are being garnished, to challenge the existence or amount of the student loan debt). Throughout this case, defendants have improperly and persistently sought to stand in the shoes of their former employee, Yarbrough, by pleading and asserting at every turn Yarbrough's reasons for objecting to the garnishment of Yarbrough's wages. [See e.g. Doc. No. 5, Defendants' "Opposition To Complaint"]. If Yarbrough had an objection and a reason to dispute the garnishment of her wages by ECMC, it was Yarbrough's personal, individual right and responsibility to oppose the garnishment, but defendants had no right to do so on Yarbrough's behalf. Defendants were merely Yarbrough's employer. As Yarbrough's employer, defendants are obligated to comply with the administrative garnishment notices and orders issued by ECMC.

At the evidentiary hearing before the Magistrate Judge on August 31, 2005, defendants presented, but did not introduce into evidence, an affidavit signed by Yarbrough on August 30, 2005. The "presentation" of Yarbrough's affidavit at the evidentiary hearing is discussed in the Magistrate Judge's report and recommendation [Doc. No. 24, pp. 13-14]. The affidavit states in part: "I [Yarbrough] DO ASSIGN MY PERSONAL RIGHTS TO CHUCK AND LORI WILSON D/B/A

CHUCK'S CABINETS TO ACT ON MY BEHALF IN THE CONTESTING OF THIS STUDENT LOAN DEBT." Yarbrough's affidavit goes on to allege that her student loan has already been paid through her Chapter 13 bankruptcy proceeding and Yarbrough denies owing the student loan. As discussed *supra*, the Court finds that this latter statement by Yarbrough in her August 30, 2005, affidavit alleging that she did not owe the debt and that her student loan was discharged in bankruptcy is incorrect.

Yarbrough's affidavit dated August 30, 2005, does not impact or change the Court's decision to award reasonable attorney's fees and costs to ECMC pursuant to 20 U.S.C. § 1095a(a)(6). This affidavit by Yarbrough is not properly before the Court because it was not introduced into evidence by defendants during the hearing held by the Magistrate Judge. Even if the Court takes Yarbrough's affidavit into consideration, it does not change the fact that Yarbrough's student loan debt was in default and subject to lawful garnishment by ECMC until October 17, 2005, when the debt was discharged by ECMC after Yarbrough made an application for discharge based on the school closure. Despite Yarbrough's August 30, 2005 affidavit, ECMC is entitled to recover the reasonable attorney's fees it incurred prior to discharge of the student loan debt on October 17, 2005.

In the report and recommendation [Doc. No. 24, pp. 18-21], the Magistrate Judge explains her sound reasons for recommending $4,000 in attorney's fees. 20 U.S.C. § 1095a(a)(6) provides that the loan guaranty agency shall recover its "attorney's fees" and costs. Section 1095a(a)(6) does not expressly use or include the term "reasonable" in providing for attorney's fees. At least one federal district court has said that 20 U.S.C. § 1095a(a)(6) authorizes reasonable attorney's fees. *Educational Credit Management Corp. v. Cherish Products*, *Inc*., 312 F. Supp.2d 1183 (D. Minn. 2003); *Educational Credit Management Corp. v. Cherish Products*, *Inc*., 247 F. Supp.2d 1132, 1134

13

(D. Minn. 2003). The Magistrate Judge concludes that the attorney's fees awarded to ECMC must be reasonable and the Court has discretion in determining what constitutes a reasonable attorney's fee under § 1095a(a)(6).

The Court agrees with the report and recommendation. This Court has the authority under 20 U.S.C. § 1095a(a)(6) to determine what constitutes a reasonable attorney's fee. The Court is not required by 20 U.S.C. § 1095a(a)(6) to award ECMC the full amount of whatever attorney's fees it claims. The over-arching requirement for any attorney's fee award is that it must be reasonable. A reasonable fee is one that is adequate to attract competent counsel, but does not produce a windfall for lawyers. *Blum v. Stenson,* 465 U.S. 886, 897 (1984); *Paschal v. Flagstar Bank,* 297 F.3d 431, 343 (6th Cir. 2002); *Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 (6th Cir. 2000); *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995); *American Civil Liberties Union of Tennessee v. Hamilton County, Tennessee*, 2002 WL 1377910, * 1 (E.D. Tenn. June 18, 2002); *Doe v. Porter*, 2002 WL 32060138, * 1 (E.D. Tenn. May 24, 2002), *aff'd.*, 370 F.3d 558 (6th Cir. 2004).

ECMC objects to the Magistrate Judge's recommendation of $4,000 in attorney's fees. ECMC contends that it is entitled to the full amount of the attorney's fees it claims, namely $6,640. ECMC argues that when Congress enacted 20 U.S.C. § 1095a(a)(6), it deliberately chose not to qualify the words "attorney's fees" with the word "reasonable." It is further argued by ECMC that the language in § 1095a(a)(6) does not allow the Court any discretion whatsoever in awarding attorney's fees. ECMC takes the position that this Court lacks discretion to not award ECMC the full amount of attorney's fees it claims. In effect, ECMC argues that the Court is required by 20 U.S.C. § 1095a(a)(6) to automatically award the full amount of attorney's fees demanded by ECMC

14

($6,640), and it is immaterial whether the Court determines that the amount is unreasonable. However, the Court notes that ECMC in its complaint [Doc. No. 1, p. 5] demands that it be awarded "reasonable attorney's fees."

The Court rejects these arguments by ECMC. The objection by ECMC to the report and recommendation is without merit and is **DENIED**. If the Court were to adopt ECMC's arguments and its illogical interpretation of 20 U.S.C. § 1095a(a)(6), then the Court would completely lack all authority and discretion to review claims for attorney's fees by loan guaranty agencies under 20 U.S.C. § 1095a(a)(6). ECMC's flawed construction of the statute would reduce this Court to acting merely as a "rubber stamp" with no choice but to automatically approve the full amount of whatever attorney's fees ECMC chooses to claim, regardless of whether the amount is reasonable and fair. What if ECMC in the case at bar demanded an outrageously inflated $50,000 in attorney's fees? Taking ECMC's argument to its logical conclusion, the Court would lack the authority and discretion under 20 U.S.C. § 1095a(a)(6) to review and reduce the amount of attorney's fees claimed by ECMC under any circumstances. Common sense dictates that this cannot be the law and cannot have been what Congress intended when it enacted 20 U.S.C. § 1095a(a)(6).

In sum, the Court concludes that it is not required by 20 U.S.C. § 1095a(a)(6) to act as a mere "rubber stamp" without any authority and discretion to review claims for attorney's fees. The Court has the authority under 20 U.S.C. § 1095a(a)(6) to review the claim by ECMC for attorney's fees and to award an amount that the Court determines is reasonable. In other words, § 1095a(a)(6) does not require and authorize this Court to award attorney's fees that are unreasonable.

Accordingly, the Court shall award $4,000 in attorney's fees to ECMC.

**VII.    Defendants' Demand for Damages Against ECMC**

At the end of their answer to the complaint [Doc. No. 5, p. 7], defendants make a request that the Court award them damages against ECMC. Defendants contend that ECMC has acted in bad faith in bringing this suit. After the Magistrate Judge filed the report and recommendation, defendants also made two motions demanding an award of compensatory and punitive damages against ECMC. [Doc. Nos. 26, 27].

The Court concludes that defendants are not entitled to recover compensatory and punitive damages from ECMC. Any request or demand by defendants for an award of compensatory and punitive damages against ECMC will be **DENIED and DISMISSED WITH PREJUDICE** for the following reasons.

First, defendants have not properly pleaded a counterclaim against ECMC in accordance with Fed. R. Civ. P. 8(a) and (e). The defendants' answer to the complaint [Doc. No. 5] does not plead a separate counterclaim. Although defendants are proceeding *pro se* without representation by an attorney, they are required to follow and comply with the basic rules of pleading a counterclaim which they have failed to do.

Second, defendants do not have a right under 20 U.S.C. § 1095a to maintain a counterclaim and private cause of action against ECMC to recover compensatory and punitive damages. 20 U.S.C. § 1095a does not create and provide a private cause of action against the loan guaranty agency, ECMC, on behalf of the defendants who are merely the employer of borrower Yarbrough. Defendants do not cite, and this Court after diligent research has not found, any law to support the defendants' request for an award of compensatory and punitive damages against ECMC under 20 U.S.C. § 1095a and the applicable federal administrative regulations.

Third, even if we assume *arguendo* that defendants can somehow clear these first two hurdles – failure to plead a counterclaim and lack of a private cause of action under federal law for damages against loan guaranty agency ECMC – the defendants' demand for damages must be denied anyway because it is simply without merit. Defendants cannot show that ECMC has acted in bad faith and violated federal law in seeking to collect Yarbrough's defaulted student loan by garnishing Yarbrough's wages and by ECMC bringing the instant lawsuit against the defendants pursuant to 20 U.S.C. § 1095a(a)(6) for failing to garnish Yarbrough's wages.

The Court finds that ECMC has brought and litigated this suit against the defendants in good faith. It is crystal clear that Yarbrough defaulted on her student loan. Yarbrough's student loan was in default status when ECMC issued the notices and administrative garnishment orders to the defendants and also when ECMC filed the instant lawsuit against the defendants on February 16, 2005. The defaulted student loan was not discharged in Yarbrough's bankruptcy proceeding. Yarbrough did not pay off the entire student loan prior to ECMC taking steps to garnish her wages. Yarbrough's student loan remained in default status until October 17, 2005, when Yarbrough's application to discharge the loan obligation was granted by ECMC.

If Yarbrough wanted to obtain an administrative discharge of her defaulted student loan due to closure of the Draughon Training Institute, it was Yarbrough's right and responsibility to submit an application in the proper form to either DOE or ECMC to discharge her loan. Yarbrough inexplicably delayed and did not make the necessary application to discharge her student loan until on or about October 13, 2005. The loan remained in default status until October 17, 2005, when Yarbrough's application to discharge the loan was granted by ECMC. Prior to October 17, 2005, ECMC had every the right to take legal action to collect the loan including garnishment of

17

Yarbrough's wages and bringing this action against the defendants under 20 U.S.C. § 1095a(a)(6) to enforce the administrative garnishment orders. Based on the facts and circumstances in this case, ECMC is not liable to pay any damages to the defendants.

Accordingly, the defendants' request or demand for an award of compensatory and punitive damages against ECMC will be **DENIED** and **DISMISSED WITH PREJUDICE**.

### VIII. Conclusion

The Clerk of Court shall enter a separate judgment in accordance with this memorandum opinion and order.

SO ORDERED.

ENTER this the 3rd day of October, 2006.

　　　　　　　　　　　　　　　　　*/s/ R. Allan Edgar*
　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE